THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VANICE DiMARTINO, | Case No. C09-1097-JCC |
| Plaintiff, | ORDER |
| v. | |
| MICHAEL J. ASTRUE, | |
| Defendant. | |

This matter comes before the Court on the Report and Recommendation ("R&R") of Magistrate Judge James P. Donohue (Dkt. No. 21), Plaintiff's Objections (Dkt. No. 22), Defendant's Response to Plaintiff's Objections (Dkt. No. 23), and Plaintiff's Reply (Dkt. No. 24). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby ADOPTS the R&R, for the reasons herein.

**I.    BACKGROUND**

Plaintiff appeals the final decision of the Commissioner of the Social Security Administration, which partially denied her applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act.

The facts of this matter, and much of the law, are not in dispute—the parties merely contest the consequences of those facts. Plaintiff, a 52-year-old woman with a GED education, has not been gainfully employed since 2001. (R&R 1–2 (Dkt. No. 21) (citing administrative

ORDER
PAGE - 1

1  record).) She claims that she is disabled due to back pain, depression, sleep apnea, chronic
2  fatigue, fibromyalgia, and depression. (*Id.* at 2.) After the Commissioner denied her claims
3  initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law
4  Judge ("ALJ"), which was held on July 13, 2007. (*Id.*) After that hearing, the ALJ issued a
5  partially favorable decision. The ALJ determined that Plaintiff was disabled after ▮▮▮▮▮,
6  2007—her 50th birthday—but determined that prior to that date, Plaintiff was not disabled.
7  The ALJ based this conclusion on his assessment that, before she turned 50, Plaintiff could
8  have performed a specific job existing in "significant numbers in the national economy. 42
9  U.S.C. §423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

10 After exhausting her administrative remedies, Plaintiff filed the instant action,
11 requesting either of two alternative options: (1) reverse the Commissioner's final decision
12 without a remand for a rehearing—i.e. conclusively find Plaintiff disabled and award benefits,
13 or (2) reverse the Commissioner's final decision *with* a remand for rehearing, allowing the
14 Commissioner to reconsider evidence that she alleged was improperly ignored and correct
15 other errors. (Opening Br. 15–16 (Dkt. No. 12).) After full briefing, Magistrate Judge James P.
16 Donohue issued a Report and Recommendation that suggested granting Plaintiff's second
17 request: reversing in part the Commissioner's decision and remanding for further
18 administrative proceedings. (R&R 1 (Dkt. No. 21).) Plaintiff objected to Judge Donohue's
19 R&R on the basis of the remedy, arguing that Judge Donohue's recommendation for remand
20 (which was, of course, one of her own alternative requests) was not correct, and claiming that
21 the only reasonable remedy in this case is to declare Plaintiff to be conclusively disabled and
22 award benefits. (Objections 2 (Dkt. No. 22).) Defendant indicated that he does not object to the
23 R&R. (Dkt. No. 23.) The only question before the Court, therefore, is the proper remedy for
24 the Commissioner's conceded errors.
25 //
26 //

ORDER
PAGE - 2

## II. DISCUSSION

### A. Standards of Review

This Court reviews the record *de novo* when considering objections to a magistrate judge's R&R. *See* 28 U.S.C. § 636(b)(1).

The Court may reverse the ALJ's decision to deny benefits only if it is based upon legal error, or is not supported by substantial evidence. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). Because the parties agree that the ALJ's decision to deny benefits was flawed, the Court need not focus on this step of judicial review, and adopts the R&R in full on those points. For background, the parties agree that: (1) the ALJ's decision did not address the lay witness statements provided by Plaintiff's son (R&R VIII.A (Dkt. No. 21 at 7)); (2) the ALJ failed to evaluate properly the opinions of two medical professionals—Shoshanna Press, M.D. and Beth Sandman, M.D. (*Id.* VIII.B (Dkt. No. 21 at 7 –10)); (3) the ALJ provided an incomplete hypothetical to the vocational expert, because the hypothetical did not include some of Plaintiff's workplace limitations (*Id.* VIII.C (Dkt. No. 21 at 10)); and (4) the ALJ failed to ask the vocational expert whether his testimony was consistent with the Dictionary of Occupational Titles, in contravention of SSR 00-4p (*Id.* VIII.D). The degree to which these errors were harmful was contested, but this question is not material to the question of remedy.

Where the parties disagree, rather, is in the consequences that must flow from the ALJ's errors. The question of whether to remand a case either for additional evidence and findings, or to direct an award of benefits remedy, is a matter for the Court's discretion. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) ("We have discretion to remand a case either for additional evidence and findings or for an award of benefits.")). However, the decision is not standardless. The Court may direct an award of benefits if the record has been fully developed and further administrative proceedings would serve no useful purpose. *Id.* Such a circumstance arises when:

ORDER
PAGE - 3

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076–77. Truly, then, the question of whether to remand or direct the award of benefit depends on the conclusiveness of the record establishing Plaintiff's disability.

**B.      Definition of Disability, and Step Five**

The Act defines disability as the inability "to engage in any substantial gainful activity" due to a mental or physical impairment that has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). A claimant is disabled only if her impairment is of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. *Id.* § 423(d)(2)(A). Work exists in the national economy if it "exists in significant numbers either in the region where such individual lives or in several regions of the country." *Id.*

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof in steps one through four; at step five, the burden shifts to the Commissioner. *Id.* The parties are familiar with the five-step system, which is detailed in Judge Donohue's R&R. (R&R at V. (Dkt. No. 21 at 3–5).) The question in this case turns on the Commissioner's determination that, prior to her fiftieth birthday, there were a significant number of jobs in the national economy that Plaintiff could perform, and therefore she was not disabled before ▮▮▮▮, 2007. (*See id.* at 21 (citing AR at 24–33).) This was the crux of the only part of the Commissioner's decision that was unfavorable to Plaintiff, and is the subject of this appeal.

The vocational expert identified 100 jobs in the state of Washington and 5,000 jobs in the United States that Plaintiff could perform. Plaintiff asserted before the Magistrate Judge,

ORDER
PAGE - 4

1  and again in her Objections, that these numbers did not carry the Commissioner's burden at
2  step five, because these numbers are not "significant" in the national economy. (*See* Dkt. No.
3  12 at 5–8; Dkt. No. 22 at 1.) Judge Donohue cautiously agreed, finding it "somewhat doubtful"
4  that these numbers could constitute a significant number within the meaning of the statute,
5  particularly in view of the recent economic downturn. (R&R 11 (Dkt. No. 21).) But Judge
6  Donohue also pointed out that the Ninth Circuit has not established a minimum number of jobs
7  necessary to constitute a "significant number," and the Court observes that Plaintiff has only
8  cited cases finding that certain numbers *do* count as significant. (Objections 2 n.2 (Dkt. No. 22
9  at 2) (citing cases; the lowest numbers are 1,300 jobs in Oregon and 1,266 jobs in the Los
10 Angeles/Orange County area, both of which counted as significant numbers).) Rather than rule
11 as a matter of law that the jobs identified by the vocational expert—on the basis of a flawed
12 hypothetical—were conclusively insignificant, Judge Donohue recommended remanding to the
13 Commissioner for a final determination. Judge Donohue recommended doing so for two
14 reasons, and the Court agrees with both.

15       First, the vocational expert emphasized that the two job titles he found were only
16 examples, "which indicates that there were other similar job titles that he believed Plaintiff
17 could perform." (R&R 11 (Dkt. No. 21) (citing AR 739–40).) Plaintiff argues that the only
18 other jobs the expert could identify existed in similarly small numbers. (Obj. 2–3 (Dkt. No.
19 22).) But the vocational expert did not state any such numbers. The Court would simply be
20 speculating that the small subsets of jobs, if aggregated, would still fall below an undefined
21 threshold of "significant numbers." The Court will not invent data, particularly on a flawed
22 record. Rather, an accurate assessment of the number of jobs that Plaintiff could have done
23 before ▮▮▮▮▮, 2007 is an "outstanding issue that must be resolved before a determination
24 of disability can be made." *McCartey*, 298 F.3d at 1076.

25       Second, Judge Donohue observed that the Commissioner, on remand, must cure several
26 other defects in reasoning—including providing the vocational expert with a complete

ORDER
PAGE - 5

1   hypothetical, and asking the vocational expert whether his testimony was consistent with the
2   Dictionary of Occupational Titles. (R&R 11 (Dkt. No. 21).) Plaintiff argues that curing these
3   defects will necessarily result in the identification of *fewer* jobs that she could have performed,
4   and thus Plaintiff will obviously have proven that she was conclusively disabled. (Obj. 3–4
5   (Dkt. No. 22).) This, too, would require the Court to speculate as to the effect that curing the
6   errors—two of which went directly to the vocational expert's crucial testimony—would
7   actually produce on the number of jobs that the vocational expert identified. The conclusion
8   that Plaintiff was disabled before ▌▌▌▌, 2007, even though probable, is not clear based
9   on the record before the Court. *McCartey*, 298 F.3d at 1077.

10   The Court will not exercise its discretion to award benefits, and instead agrees that
11   remand to the Commissioner for a final determination is the appropriate remedy.

12   **III.   CONCLUSION**

13   For the foregoing reasons, the Court does hereby find and ORDER:

14   (1) The Court adopts the Report and Recommendation (Dkt. No. 21).

15   (2) The final decision of the Commissioner is REVERSED IN PART and this case
16   is REMANDED to the Social Security Administration for further proceedings
17   consistent with the R&R and this Order. The portion of the ALJ's decision
18   finding that Plaintiff was disabled as of June 18, 2007 is AFFIRMED.

19   (3) The Clerk of the Court is directed to send copies of this Order to the parties and
20   to Judge Donohue.

21   DATED this 27th day of May, 2010.

John C. Coughenour
John C. Coughenour
UNITED STATES DISTRICT JUDGE